UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

INDEPENDENT WHOLESALE, INC.,

      Debtor.
_____/

Chapter 11

Case No. 6:06-bk-882-ABB

**ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY
TATUM, LLC AS CONSULTANTS AND FINANCIAL ADVISORS**

THIS CAUSE came on for hearing on June 14, 2006 at 1:30 p.m. upon the Debtor's Application to Employ Tatum, LLC as Consultants and Financial Advisors (the "Application") [Docket No. 37]. The Court, having considered the Application and the Affidavit in Support of Debtor's Application to Employ Tatum, LLC as Consultants and Financial Advisors (the "Affidavit") [Docket No. 38] and being satisfied that the firm of Tatum, LLC ("Tatum") does not represent or hold any interest materially adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its representation herein; that except as set forth in the Affidavit, Tatum has no connections with the Debtor, any creditors of the Debtor, any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee; that Tatum is disinterested as such term is defined by §101(14) of the Bankruptcy Code and that the employment of Tatum as consultants and financial advisors is necessary and would be in the best interest of the estate, it is

ORDERED, ADJUDGED AND DECREED that:

1. The Application be, and the same hereby is, approved.

2. The Debtor is authorized to employ Tatum, nunc pro tunc to April 21, 2006, as a professional under §327(a) of the Bankruptcy Code.

3. The Debtor is hereby authorized to employ Tatum as consultants and financial advisors to conduct the professional services as set forth in the Application and in the Special Project Work Agreement (the "Agreement") attached as Exhibit "A" to the Application.

4. The Agreement is approved, except as modified by this Order.

5. The indemnification provisions of the Agreement shall be modified to provide that Tatum shall not be indemnified for losses that are determined to have resulted from Tatum's gross negligence or willful misconduct.

6. During the pendency of the case, any unearned retainer shall be deposited in a trust account.

7. Until October 9, 2006, Tatum may bill against the retainer on a monthly basis for 100% of its costs and for 70% of its fees as they accrue without further order but subject to final review and approval by the Court.

8. The Court will conduct a status conference on October 18, 2006 at 10:00 a.m., at which time the Court will hear any applications for interim fees and reimbursement of expenses which have been timely filed and served in accordance with F.R.B.P. 2002.

9. Tatum shall accept compensation from another source only if disclosed as required by F.R.B.P. 2016(b).

DONE AND ORDERED at Orlando, Florida, on July 25, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

Copies to:

Michael S. Haber, Esquire
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592

Local 1007-2 Parties in Interest Matrix
H:\User\Independent Wholesale\Pleadings\employ consultants and financial advisors (TATUM) order.doc 7/19/2006 11:28 AM