UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

INDEPENDENT WHOLESALE, INC.,                Case No. 6:06-bk-882-ABB

    Debtor.
_____/

**ORDER ON APPLICATION FOR AUTHORIZATION TO EMPLOY
GRAYROBINSON, P.A. AS SPECIAL COUNSEL NUNC PRO TUNC
AND AUTHORIZATION TO PAY A POST-PETITION RETAINER**

THIS CAUSE came on for hearing on March 26, 2007 at 10:00 a.m. upon the Application for Authorization to Employ GrayRobinson, P.A. as Special Counsel Nunc Pro Tunc and Authorization to Pay a Post-Petition Retainer (the "Application") [Docket No. 279]. The Court, having considered the Application and the Affidavit and being satisfied that the firm of GrayRobinson, P.A. ("GrayRobinson") does not represent or hold any interest materially adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its representation herein, that the firm of GrayRobinson has no connections with the Debtor, any creditors of the Debtor, any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee, and that employment of such firm as special counsel is necessary and would be in the best interest of the estate, it is

ORDERED, ADJUDGED AND DECREED that:

1. The Application be, and the same hereby is, granted.

2. The Debtor is hereby authorized to employ the firm of GrayRobinson as special counsel to conduct the professional services as set forth in the Application nunc pro tunc to February 20, 2007.

3. The Debtor is authorized to pay GrayRobinson a post-petition retainer (the "Retainer") of $5,000.00.  SunTrust Bank does not consent to the use of its cash collateral for the payment of GrayRobinson's fees above the Retainer and does not consent to a surcharge of its collateral to pay any fees above the Retainer.

4. Payment of compensation for services and reimbursement for out of pocket expenses incurred by GrayRobinson shall be made only upon application to and approval by this Court.

5. Any such application shall contain an itemization of services for which compensation is sought, including the amount of time and the person rendering each such service, and of expenses for which reimbursement is sought, including the amount and purpose of each expense item.

6. In the event that GrayRobinson undertakes the representation of creditors in this case on matters unrelated to this engagement, GrayRobinson shall file an amended affidavit.

DONE AND ORDERED at Orlando, Florida, on April 10, 2007.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

Copies to:

Local 1007-2 Parties in Interest Matrix