UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

INDEPENDENT WHOLESALE, INC.,

    Debtor.
_____/

Chapter  11

Case No. 6:06-bk-882-ABB

**ORDER APPROVING DEBTOR'S APPLICATION
FOR AUTHORITY TO EMPLOY EQUITY PARTNERS, INC.
OF MARYLAND AS EXCLUSIVE INVESTMENT BANKER**

THIS CAUSE came on for continued hearing on April 5, 2007 at 2:00 p.m. upon the Debtor's Application for Authority to Employ Equity Partners, Inc. of Maryland as Exclusive Investment Banker (the "Application") [Docket No. 287].  The Court, having considered the Application and the Affidavit in Support of Debtor's Application for Authority to Employ Equity Partners, Inc. of Maryland as Exclusive Investment Banker (the "Affidavit") [Docket No. 288] and being satisfied that the firm of Equity Partners, Inc. of Maryland ("Equity Partners") does not represent or hold any interest materially adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its representation herein; that except as set forth in the Affidavit, Equity Partners has no connections with the Debtor, any creditors of the Debtor, any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee; that Equity Partners is disinterested as such term is defined by §101(14) of the

Bankruptcy Code and that the employment of Equity Partners as exclusive investment banker is necessary and would be in the best interest of the estate, it is

ORDERED, ADJUDGED AND DECREED that:

1. The Application be, and the same hereby is, approved.

2. The Debtor is hereby authorized to employ Equity Partners as its exclusive investment bankers to conduct the professional services as set forth in the Application and in the Agreement Between the Debtor and Equity Partners, Inc. of Maryland (the "Agreement") attached as Exhibit "A" to the Application.

3. The Agreement is approved.

4. In the event of a sale approved by this Court, Equity Partners shall be entitled to a fee (the "Fee") based of the Gross Sales Price (as such term is defined in the Agreement) as follows:

   a. a $175,000.00 flat rate on any Gross Sale Proceeds up to $6,000,000.00;

   b. four percent (4%) of the Gross Sale Proceeds between $6,000,000.00 and $8,000,000.00; and

   c. six percent (6%) of Gross Sale Proceeds in excess of $8,000,000.00.

The sale motion shall disclose the amount of the requested Fee and the Fee shall be paid at the closing of any sale from the sale proceeds pursuant to an order approving the sale. If a restructuring is accomplished through a plan. The plan shall disclose the amount of

the Fee and Equity Partners' Fee would be paid at the funding of the plan pursuant to the order confirming the plan.

5. The Debtor is authorized to pay Equity Partners the sum of $18,000.00 to pay all out of pocket expenses, including marketing expenses. In the event that Equity Partner's expenses are less than $18,000.00, Equity Partner shall remit the balance to the Debtor. In the event that expenses exceed $18,000.00, such expenses will be the responsibility of Equity Partners.

6. Prior to the hearing to consider any sale, Equity Partners shall file a list setting forth the expenses incurred in connection with this engagement.

7. The Debtor shall file with the Court within five (5) days of the entry of this Order a copy of the agreement between Equity Partners and IWI Holdings, LLC ("IWI Holdings"). Equity Partners shall provide the Committee with an accounting of all expenses incurred in the marketing of the real property.

8. In the event that IWI Holdings seeks to sell or lease the real property to the purchaser of some or all of the Debtor's assets, the Debtor shall disclose the terms of such transaction and seek approval of any such transaction. The Court shall retain jurisdiction if the sale of the real estate occurs to the purchaser after the sale. The Debtor shall also provide notice of the compensation to be paid to Equity Partners against IWI Holdings with respect to such sale.

9. In the event that the proceeds from real property owned by IWI Holdings exceed the amount necessary to satisfy the lien of SunTrust against the real property, such excess funds shall be held in a segregated account maintained by Debtor's counsel

and shall not be released until the earlier of (i) the written agreement of the Debtor, the Committee and IWI Holdings or (ii) order of this court.

10. In the event that Equity Partners asserts an entitlement to Fee based on the purchase of a claim directly from the secured creditor, such Fee shall not constitute an administrative claim in this case.

DONE AND ORDERED at Orlando, Florida, on April 16, 2007.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Arthur B. Briskman
　　　　　　　　　　　　　　　　　　　　　　　ARTHUR B. BRISKMAN
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Copies to:

Local 1007-2 Parties in Interest Matrix